We have four argued cases this morning. The first of these is No. 16-1315, Ollis v. McDonald. Mr. Schroenhardt. Thank you, Judge Dyke. Good morning, and may it please the Court. Mr. Ollis respectfully requests that this Court vacate the decision of the Veterans Court. I found the case confusing because I couldn't really tell what the allegations supporting liability were. In other words, are they allegations of negligence, or is the client relying on this non-foreseeability aspect of 1151? Well, Your Honor, neither at the Board nor at the Veterans Court were there ever explicit findings with respect to section 1151A1A or A1B. What's the claim? What's the claim as to what caused this? In other words, this comes to us in sort of an abstract posture, which I think makes it very difficult to address the legal question, and that has been historically a problem in these veterans' cases, that sometimes we're asked to decide abstract legal questions without knowing what the factual context is. What is the factual context? What is the claim of liability? What is the event that is said to lead to liability here? I can appreciate Your Honor's concern in this regard, and this case, as in many veterans' cases, there is the difficulty that there has not been complete factual development at the VA below. But forget about factual development. What's the claim? I appreciate that, and that's where I'm headed, Your Honor. Here, the veteran is claiming that either the lung disability resulting from severance of the phrenic nerve was an unforeseen consequence of the mini maze procedure that was performed, or at minimum, that the referral that he received was a negligent referral that ultimately referred him out for the procedure that resulted in the severance of the phrenic nerve. Could the idea be that he was not a good candidate for that procedure? Either that he was not an appropriate candidate and was ill-advised in that regard, or that he was directed to an inappropriate physician. The record here is not particularly well-developed as to what precise recommendations were provided by the VA physician, Dr. Rotman at the Nashville VA, to Mr. Ellis. His testimony would appear to establish that he understood the VA to be advising him to receive this specific procedure, that this is the specific procedure that was appropriate for him in this context, that the VA was asking him to get this procedure done elsewhere, and that he was to go back to his general cardiologist for a local referral, which was ultimately to Dr. Hall at Methodist Medical. Your problem with the theory of negligent referral is that the Veterans Court made a specific finding that this hadn't been properly raised and couldn't be pursued. So it seems to me, on that theory, you were foreclosed. As to negligent referral, Your Honor, that may be the case that was in fact the note of the Veterans Court. This case, like many veterans' cases, again, however, is one in which the veteran did not have legal representation up until a certain point. Indeed, the case was initially briefed to the Veterans Court without legal representation. When legal representation was suggested actively by the Veterans Court, representation stepped in to answer a series of specified questions set out by the Veterans Court. And so you are correct that the Veterans Court's decision notes in several places that various items had not been raised expressly by the veteran previously. In some cases, the Veterans Court went ahead and said, these are the types of things we'll find forgivable. It's an interesting or notable argument, so we will pursue it. But it did analyze and deny the negligent referral claim, correct? In brief, yes. So it seems to me that for our purposes, we can consider the claim to be limited to the unforeseen consequences then. I believe that's fair, Your Honor. Okay. So under the statute, I mean, it's pretty easy if there's alleged negligence by the statute. It says that you apply a proximate cause analysis. That all fits within standard tort law, and I think we can all understand what the standards are. In any event, we don't have to worry about that today because we're not dealing with negligence claim. But the unforeseen consequences thing is a little complicated and doesn't neatly fit into the proximate cause analysis, as you say. I mean, because the notion that something is unforeseen really conflicts with the whole notion of proximate cause, that something is foreseeable, right? Not necessarily, Your Honor. There may be proximate causes where the link is not in advance foreseeable, but there is still clearly a proximate or direct cause. And the statutory language, of course, ties proximate cause to the event that was not reasonably foreseeable. Here the event was the severance of Mr. Olive's phrenic nerve during the mini-maze procedure. I'm sorry, I'm not understanding you. I thought that your theory was that insofar as we're dealing with unforeseen consequences, that the statute doesn't impose a proximate cause requirement. As to the event not reasonably foreseeable, Your Honor, there is a proximate cause requirement. 1151 sets out two causal elements. 1151A1 begins with a general cause requirement that the cause of the disability be hospital care, medical or surgical treatment, or examination furnished to the veteran under any law administrated by the Secretary. And it's your position that the court below understood that or applied that in a proximate cause way and meshed the two standards of cause versus proximate cause. Do I have that right? Yes, Your Honor. As to that first causal element, it appears quite clear, especially given footnote 8 in the Veterans Court's opinion, that the Veterans Court was applying a proximate cause test to what is by the statute a general cause requirement in 1151A1. Does the statute require that you apply one of the elements first before you do the other? There does not appear to be an order of operations on the face of the statute. There appears to be two separate and distinct causal requirements. So you're saying that what happened is they conflated the two elements? Yes, Your Honor. Or at minimum that in performing the cause by analysis, the general cause analysis, the Veterans Court inappropriately viewed that causal requirement as a proximate cause requirement. But let's say we separate it out and we say there was no determination as to cause, but there's a determination as to proximate cause, and they got it right with respect to proximate cause. Are we looking at a harmless error situation here? Respectfully, no, Your Honor. Here, I do not believe the Veterans Court actually reached the second causal element at all, whether the proximate cause was an event not reasonably foreseeable. The approximate cause is a requirement for both the carelessness and negligence and non-foreseeability thing. What is the significance that the other causal requirement may require less? Your Honor, it's a function of who the actor is or what, in fact, the cause is. This Court has had occasion to look at the modern version of 1151 in, for example, Viegas v. Shinseki. In that case, the Court distinguished between the two causal elements and specifically addressed the first general cause element, noting that that cause element need not be a direct cause, direct and proximate cause generally being understood to be synonymous. That first cause is not a proximate cause requirement. That that cause requirement does not require that the ultimate act of negligence, which was, I think, the focus of that particular case, be by VA personnel. The VA personnel need not actually be the actors for the second proximate cause element that we were looking for a general cause being medical treatment by the VA. The notion here is that the VA may hold some level of liability even where VA medical treatment is not itself the immediate, direct, and proximate cause, as those terms are generally understood. But with medical treatment, yes, Your Honor. This is in response to the Supreme Court's decision in Gardner where the statute before it said, as a result of, and that was interpreted as meaning, I think, not remote. And then Congress, I guess, amended this statute. Is that right? Correct, Your Honor. The prior version of Section 1151 did not include any actual cause language. I'm not using actual there for a type of cause. It did not include cause verbiage. Then the statute was amended. Cause verbiage was added in in two places, the general cause and the proximate cause. The prior 1151 had it as a result of language that would appear to correspond generally to the general cause language here. That's also consistent with this Court's decision in Villegas bringing the Brown v. Gardner as a result of language forward to cause. How do you respond to the government's argument that Villegas says remote consequences is the standard? And so that's all the CIT did in this circumstance, is it just followed Villegas, which talks about remote consequences? So a few notes on Brown v. Gardner in that respect. Brown v. Gardner said, as a result of language, which is now understood to be generally consistent with the general cause requirement, that language has to have some cutoff. It can't go to far-flung remote consequences. Brown v. Gardner also, though, was very clear to say that that as a result of language did not impose a proximate cause requirement. In fact, the Supreme Court in Brown v. Gardner said that the government's suggestion that that as a result of language should be understood as a proximate cause requirement was implausible. Well, right. But then they amended the statute. And the problem I'm trying to understand is since there is a proximate cause requirement here, which you agree applies both to A and B, what is the problem here? How does that benefit you? How are the two cause requirements different? Is your theory that the negligence that's described here could be negligence of somebody other than somebody in the department? That seems implausible. I don't understand the difference. What's the difference between the cause requirement and the proximate cause requirement, since you agree that both exist in the statute? Yes, Your Honor. As to the cause requirement, on the face of the statute, the general cause requirement needs to be that the disability is caused by medical treatment as one of the specific things that it could be caused by. Here, the medical treatment is a 10-year provision of medical care by Dr. Rotman and Asher. Try to answer my question more directly. I'm struggling here to understand what's the difference between the cause requirement and the proximate cause requirement in practical terms. If the difference does it make that the cause requirement might be more relaxed? Because it's a function of who or what is the actor tied to the specific cause that we're referring to. When we have a general cause that's medical treatment, proximate cause is by an event. The two causes are linked to different things in 1151. The cause must be medical treatment. Proximate cause must be an event. Event and medical treatment are not necessarily the same thing. The medical treatment here is Dr. Rotman's long-term care of a veteran at the Nashville VA for a decade-long span. In particular, that culminated in 2007 with Dr. Rotman telling a veteran, you need this procedure, go get this procedure done. That is a cause of the disability. The event not reasonably foreseeable is the proximate cause. The event here is the severance of the phrenic nerve. The event isn't Dr. Rotman's referral. The event is the severance of the phrenic nerve. Very clearly, that severance, that specific act is the proximate cause of the disability. So we're looking at two separate cause requirements and two separate related acts to look at. How were they conflated here then? The VA did not conflate those two acts as much as it did to conflate the two tests and applied a proximate cause standard, a much higher standard of causation, forcing a much more direct connection. Let's say they had done this correctly, or rather they had done this as a two-step process, cause and then proximate cause. Just for purposes here, they find that there's cause and then no proximate cause. You would lose there. Correct. Okay. So now what they've done is they've taken proximate cause. What happened here is they speak about proximate cause in the context of cause. That's right. So what I'm saying, what I'm thinking is what happens if we look at this and look at the analysis that they applied. They applied a proximate cause analysis and we said, let's get this analysis and set it aside. By the way, this was correct. Then you lose. I mean, we may declare that there was conflation and maybe speak about the two different causes. I think you've correctly stated the two bases, but you would still lose. Or why wouldn't that be harmless error? It wouldn't be harmless error here because there is no factual finding that there is no causal link, that the VA medical treatment is not the cause of the disability. Perhaps I can help you. So the unforeseeability issue goes to proximate cause. Yes, Your Honor. Below, they only address cause, the negligence. Correct, Your Honor. They didn't address foreseeability. So it's not harmless error because the question of foreseeability, proximate cause is still out there hanging. Yes, Your Honor. And that's why, at least as to the statutory argument, Ms. Rallis is asking for this to be vacated and remanded so that the second proximate cause analysis as to reasonable foreseeability could in fact be conducted. They would also have to conduct the cause analysis as well, right? Yes, the cause analysis. We can't do that. I apologize. So one of the things that I find really difficult is clearly the statute does say cause and proximate cause. Treat them as different things. We've got Viegas that says those are different things. So how are they different? How do you show cause and how do you show proximate cause? I mean, because remote consequences are going on now, but remote consequences seems to be something that perhaps both require. But that doesn't necessarily make them the same. Correct, Your Honor. There is always a concern in law as to how to apply a general cause requirement. Clearly by using cause and proximate cause both in the context of the same statutory section, Congress intended the cause language to be broader than pure proximate cause. So cause is necessarily something broader than just proximate direct immediate cause. Yeah, but if they're being applied to the same thing, it doesn't make any difference whether the cause requirement is more liberal than the proximate cause requirement. If you have to have proximate cause anyway, then the fact that the two have been conflated is, as Judge Rayner was suggesting, a harmless error. But you seem to be saying that the cause and the proximate cause requirement are being  Yes, Your Honor. What are the different actions that they apply to? In the case of negligence, it's the same action, right? In the case of negligence, it may actually be the same action, but even then it's not necessarily the same action. Because the one action may be medical treatment in a broader sense. The specific proximate cause may be a specific act of negligence within the course of the broader medical treatment. So, for example, if it was the recommendation of the treatment for the cause prong, but for the proximate cause, it might be negligence by Dr. Hall? Correct, Your Honor. For example? It may be the actual specific actor who may no longer be an actual VA employee is ultimately negligent, but that is still in some way tied back to fault of the VA. The general cause is more the general medical treatment. This Court has not had an opportunity to fully distinguish those. There are a couple helpful Veterans Court cases, though, in particular the Contu case there can be helpful, as the Contu case involved a referral. So doesn't Viegas do a good job of doing that as well? I mean, we have a situation where you have a VA receiving medical help. You have a cause, and he grabs on to the grab rail, falls down, and then you have a foreseeability issue, and that's the proximate cause issue. Doesn't Viegas kind of spell out the differences? As a general matter, yes, although Viegas generally concludes his analysis at the end of the first prong, clarifying that it need not be a direct causation prong. But Viegas does help in clarifying that these are two distinct causal requirements that can be tied to two distinct events or acts. One is the proximate cause act. The other, the broader general cause, is the broader medical treatment. Your contention is what happened here is that the proximate cause analysis was used, masquerades as the cause analysis. Correct, Your Honor. And as a result, we would need to go back to look to the specific proximate cause, the sufferance of the front nerve, to see if that is appropriately characterized and not reasonably foreseeable, and we would need to validate. I'm still not understanding what different act the two tests are being applied to in this case. The proximate cause test says you have to look to the negligence in the event not reasonably foreseeable and find that that is the result of departmental hospital care medical or surgical treatment, right? Yes, Your Honor. But the cause requirement seems to apply to the same event, that is, hospital care medical or surgical treatment. So the proximate cause here, Your Honor, if we can set aside subsection A, and let's just focus on subsection B, perhaps it will ease some of the confusion. Subsection B would then read the proximate cause of the disability or death was an event not reasonably foreseeable. There is nothing in 1151A1 subsection B that ties that event not reasonably foreseeable to anything specifically happening at, by, or at the behest of the VA. The general cause element at the beginning, 1151A1, is specifically tied to medical treatment furnished. But there has to be some connection to the VA. I mean, if some, if this individual on his own went to a private doctor and suffered an event that was not reasonably foreseeable, the VA wouldn't be responsible for that, right? The VA would not be responsible as a result of 1151A1's general cause requirement because that would not be, the VA would not have generally caused the disability. We wouldn't even need to get to 1151A1B's event not reasonably foreseeable test. We're looking at two very distinct causal elements. The one is, are we under the umbrella of the VA? That's the general cause. The specific cause is, what exactly now happened? Is that an event not reasonably foreseeable? Here that event happened outside of the VA for the proximate cause. The general cause, we are under the umbrella of medical treatment being provided by the VA over a period of time. Your Honor, I see I'm well past my time. I just wanted to say one thing, which is I think I misspoke when I gave an example where there would be negligence would be Dr. Hall's negligence in the surgery. That doesn't seem to comport with what would be required by 1151A because it says carelessness, negligence, and such on the part of the department. So do you agree that I may have misspoke there? I believe so. Your Honor, if I misspoke in my response, I tried in my response to note that if there was an agent-type situation, so you may have a scenario where there is an agency relationship created with a private physician such that it would still be considered fault on the part of the department. But, again, for our purposes, this all I think is much clearer if we focus on 1151A1B, event not reasonably foreseeable, as the role of the VA is not specifically specified or tied to that proximate cause. So what you're saying is that the proximate cause and the cause requirement are basically the same with respect to A but not with respect to B? The actor involved in both for A would be the VA for both for the general cause and the proximate cause. The actor involved for B need not be involved. Is my statement correct or incorrect? There's no difference between cause and proximate cause insofar as A is concerned. I disagree. There's still two separate requirements, and you may be looking at two, and in particular the Viegas case, as Judge Rayna pointed out a moment ago, can be helpful there because the slip and fall still happened within the VA facility, still could be in A1A or A1B scenario, but we're looking at general cause, was this part of the medical treatment? Now let's look at specifically what happened, who is directly at fault. You may not necessarily have the same actor. They are not just a single inquiry. Okay, all right. We're well over your time.  Thank you, Rayna. Mr. Prehon. Good morning. May it please the Court. The statute doesn't apply to the remote consequences of VA conduct. There's no dispute in that regard. Regardless of which prong you look at, regardless of whether or not you're talking about causation or proximate cause, it doesn't apply where the actions being complained of are the remote consequences of what the VA did, and that's what the Board and the Veterans Court found here. That's the end of the inquiry. That's the square with Vieques in. It does, absolutely. That was a question in Vieques, right, where you have a veteran inside a VA facility receiving treatment, and he goes to the bathroom and grabs a grab rail and falls down and gets injured. Right. The question was whether the failure to grab rail was caused, and was it foreseeable or not. Right. And what the Court said is that in that case, that did meet the causation element, but that causation, even though it doesn't say proximate cause, causation nonetheless doesn't extend to the remote consequences of the VA's conduct. That was the central holding in Vieques. But the VA argued in that case, we're not liable because it's not foreseeable that this grab rail is going to fall, number one. And number two, that's not part of his medical treatment. Right, that's right. Vieques said, no, that's not true. It was a cause of his medical treatment. He was in the VA facility to get treatment. And B, this wouldn't have happened had he not been in that facility. So remote as it is, under B, there's proximate cause. Well, but what the Court said is that it wasn't a remote consequence in that case in Vieques. So it did, therefore, fall within the causation part of the statute. Yes, but it still laid out the two different elements. It did, it did, absolutely. And said in this case, it's not remote. We're still going to find it under A. But B exists, and B exists for other situations, and that's what we're looking at here. Right, but you still have to meet causation. You still have to show causation. And that means if what we're talking about is a remote consequence, it doesn't fall within the ambit of the statute. And that's what the Veterans Court said here. So our job is to see whether Veterans Court applied the right law, right? I mean, that's mostly our job. Yes. So I understand what you're saying. Maybe if the Court had said it's remote, therefore, there's no cause, and stopped right there, that could be the end of it. But how do you deal with footnote 8, the citation to Metropolitan Edison, and the other statements that seem to use language that comes from the proximate cause standard? Right, and that's because that language applies to the causation aspect as well. And all the Veterans Court was saying in that footnote is, with respect to remote consequences, that idea applies whether or not you're talking about proximate cause or whether or not you're talking about cause. And that's what VA said, based on Gardner. That's all the Veterans Court was saying in that. And when it talked about attenuation, that applies regardless of whether or not you're talking about cause or proximate cause. If the event is too attenuated from the VA conduct, it can't fall within either. What about the citation to Metropolitan Edison, which is talking about proximate cause, in order to understand what cause is? Right, but it's talking about the timing aspect and how far removed the event is. And that aspect of proximate cause is part of the causation element. Your brief confused me a little bit, because your alternative argument is that cause and proximate cause are, in fact, the same thing. Right. And I think to myself, gosh, if anything, that suggests to me that maybe the court below was confused, because I don't think this statute intends them to be the same thing. Well, they are the same thing with respect to the remote consequences, and that's our point. Now, they are different in other respects. Are they the same under A? Well, no, they're different, actually. They're different in the sense that causation doesn't include a fault element. A proximate cause language, that is. But if there has to be proximate cause, what difference does it make that the causation element may be a looser requirement? Right. And that was the argument, an additional argument, that we made in our brief. We took their argument to be that they could establish proximate cause as well, and we said, well, it doesn't make a difference here because you can't. How can it be that for A that you don't have to have proximate cause? I mean, surely you do have to have traditional tort proximate cause flowing from the VA's negligence, right? Well, the difference is with respect to the fault element, and that's what Gardner said, right? I mean, Gardner was interpreting the prior version of the statute, but what this court has said is that the prior version and the current version are the same in terms of A, in terms of causation. In terms of cause, just cause, not 1A, which is negligence. No, A1 is negligence. That's right. That's what was added in the amendment after Gardner, and it was designed to address the fault issue. Yeah, but I don't think you're addressing my question. My question is with respect to A, which deals with carelessness and negligence, proximate cause is specifically a requirement in the statute. And what difference does it make whether the cause requirement as to A is different from proximate cause? Because there's a specific proximate cause requirement here. Right, and that was an argument we made in our brief as well, because we thought that they were. . . So you agree with that? Yes, yes, yes, we do agree with that. All right, so the question is, is it different with respect to B? Right, and I think the answer is yes. So what the statute contemplates is a situation where the VA does a surgery, does everything right, but a side effect occurs that isn't typical and can't be reasonably foreseen. So in essence, it contemplates a situation where there's no fault on the VA, but something unforeseeable occurs. But even in that situation, it doesn't cover the remote consequences of the VA's conduct. Well, it has to be a test there that is different from the traditional proximate cause test, because proximate cause says the consequence has to be foreseeable. And here the statute is saying specifically there's liability if it's not foreseeable. Right, right, exactly, that's right. But the key point in here is that what the Veterans Court said is that what we have here is a situation where what occurred is a remote consequence of VA's conduct, regardless of whether or not you're talking about causation or proximate cause. So the test for B is remote consequence? No. Proximate cause. It can't be proximate cause, because proximate cause has within it notions of foreseeability, and B specifically imposes liability when there's no foreseeability. Right, but you still have to get through the causation element before you get to B. Yeah, but the causation element can't be the same as proximate cause, because it simply makes no sense to talk about proximate cause in relation to unforeseen consequences. But it is the same with respect to proximate cause when you talk about remote consequences. It is. That's what the Supreme Court said in Gardner and the court said in Villegas. That causation, the statute is never intended to cover a situation where you're talking about remote consequences of what the VA did. And that's the situation we have here, and that's the end of the inquiry. Well, suppose there was no negligence at performing the maze operation, okay? And let's assume that the VA said, go have a maze procedure, and that as a result of that VA recommendation has the maze procedure and there is an unforeseeable consequence of the nerves being severed. Why isn't that, doesn't that satisfy the cause requirement of the statute? Well, in that situation it may be too remote. You'd have to address the question of, is this a remote consequence of what the VA did? Well, that's what I'm asking. In my hypothetical, there's a direct chain of causation between the recommendation to have the maze procedure, the performance of the maze procedure, and the injury. There's no intervening cause such as negligence by the surgeon performing the maze procedure. Right. So that would be a much closer case. And you'd have to meet the other elements of the statute as well, obviously. The question of whether or not this is hospital care, medical or surgical treatment, or examination, for example. But your hypothetical would be a lot closer situation. It may not, under your hypothetical, be a remote consequence of VA conduct. But that's not what we have here. We have here a situation where Mr. Olis asked about the maze procedure. He discussed multiple options and multiple recommendations with the VA. He then went to his private doctor and discussed options. And his private doctor referred him to the surgeon who ultimately did the surgery. That is simply too remote to fall within the ambit of the statute. I don't see any finding by the board or the Veterans Court that the VA wasn't the cause of his having the maze procedure done. Am I mistaken? I don't think. I think what they said is, well, by saying it's too far remote, I think they were saying that, yes, it wasn't the cause. They don't make a foreseeability finding. Are you saying that they did? No, they didn't. So then there's no finding as to, under B, whether the event is foreseeable or not. That's right. No, I will say we didn't understand Mr. Olis to be making that argument in his brief to this court, but he seems to be making it now. He seems to have said that they don't have a claim under A, that the Veterans Court said negligent referral, you didn't preserve that claim. So there's no claim under A. It's a B claim. He does seem to be saying that now. We took his brief to be focused on or to at least indicate that his claim was under A. So let's assume that your opponent is correct and the VA did conflate 1 and A or cause, approximate cause. Don't we still have a harmless error situation here if we're able to separate, if the three of us can separate and say, okay, well, you applied approximate cause under the guise of cause, but the approximate cause finding is correct, and therefore the veteran still loses because there's been harmless error. Right. Why would we send it back if we determined that the approximate cause element was not satisfied? Right. We look at it a little bit differently. We obviously don't think there was error here, but another way to look at it is to say that because we're talking about remote consequences here, it doesn't matter whether or not the VA applied approximate cause or causation standard. What appears to be the conflation is that you do address fault under cause. Well, no. The veterans court certainly didn't address fault under cause. They just talked about the remote aspect of what occurred here, and this court has said that cause doesn't include a fault element. That's the difference between cause and approximate cause, at least with respect to a commission case. In a mission case, in the Roberson case, this court did say the fault is required with respect to causation. I want to ask you about the too remote language. I mean, the court referred to it being too remote, also said in that very same sentence I think you were referring to in its opinion, that they were intervening in independent actions by non-VA actors, and then there was also some suggestion of languages about being attenuated. I mean, how does that all relate? Are those different things? Are those the same thing? I think they might be different, but I want to know your view. Well, they all relate to the remote consequences of VA conduct, and that phrase is true regardless of whether or not we're talking about approximate cause or causation, and the word attenuated can be used in either as well. You think independent actions by other folks, that that falls within the idea generally of remote? Right. Absolutely. Sure. If you have multiple actors intervening in a chain of events, yes, then that is remote. That takes it far removed from what the VA did. There could be multiple actors, but the original recommendation for the Mays procedure could have been what led to having the Mays procedure, and having the Mays procedure may have resulted in this perhaps allegedly unforeseen consequence of the nerve circuit. Well, right, but that's why we have a limitation on what cause means. As a veteran's court said, in the philosophical sense, the causes of an event go back to the dawn of human events. So, you know, we could say that the cause goes back thousands of years. That's not my hypothetical. My hypothetical is they say have the Mays procedure. He has the Mays procedure because the VA recommended it, and having the Mays procedure results in this unforeseen consequence of the nerve severance. That's a closer case. I would certainly concede that. But that's not this case. Here we have a number of intervening events. And, in fact, Mr. Ollis himself said. So the intervening events themselves, even if in Mr. Ollis' mind, that first referral was what caused him to go and get the procedure, it wouldn't matter because there's intervening events? Well. It feels like that might be a different element. Right. The intervening events obviously have to relate to the ultimate final action, right? And here, if you look at page 201 of the record, Mr. Ollis himself said that Dr. Tagg, his private physician, referred him to Dr. Hall, his surgeon. So we don't have a situation where it was the VA referral that actually caused him to go to the heart doctor. As you might be able to tell, I'm struggling a little bit with the idea of what standard did the court apply. Right. And footnote 8, it says, the Federal Circuit's Villegas decision addresses causation and constitutes a binding precedent that is consistent with the general interpretation of proximate cause. Right. How is that not saying that Villegas interprets cause as meaning the same thing as proximate cause? Remember what the court is talking about in this footnote is remote consequence. It actually says remote consequence in the footnote. All the Veterans Court is saying is that remote consequences can't meet proximate cause either. In other words, it can't meet causation and it can't meet proximate cause. That's all the Veterans Court is saying in that footnote. But that aspect of proximate cause, the remote consequence aspect, is true with respect to causation, and that's what this court held in Villegas. You don't think that this footnote shows there's confusion? No. No. All they're talking about is remote consequences there. Okay. Anything else? All right. Thank you, Mr. Greenhorn. Thank you. Mr. Schoenhardt, you have two minutes here. Thank you, Your Honor. It would appear that the VA is attempting to impose a broad remote consequences test on anything to do with VA care, regardless of the statute, whether it's the prior version of Section 1151 or the current version of Section 1151. The VA would say, let's ignore whatever the statute is and just have a general inquiry into, are we dealing with a situation of remote consequences? Although I acknowledge the remote consequences language out of Brown v. Gardner in addressing the prior 1151, the role of this court is to apply the current version of Section 1151, which has two causation elements. Are you saying that there's not a remote consequences test here? This court in Villegas noted that the Brown v. Gardner remote consequences language would appear to apply to the current causal language. That doesn't mean it's a substitute for looking to the statute. It does not forgive the Veterans Court for ignoring what is cause versus what is proximate cause and attempting instead to use remote consequences as a vague proxy for this actual statutory test. When looking to whether there were actually – But that's the test that Brown v. Gardner in Villegas gave us, is remote consequences. I would view that as a – that is an outside bound. The test is cause. Remote consequences is an outside bound. Here, Your Honor, you place to the VA a pretty simple hypothetical, but that hypothetical is in fact the fact pattern of this case. Veteran goes to VA. VA provides a recommendation to Veteran and says, go get this procedure done. Veteran gets that procedure done. The result is disability. That is very direct. There are not a whole bunch of intervening steps. The VA is careful to point out that there may be some question about who are the specific doctors to whom he has referred. The focus here is what is the medical treatment, what is the course of medical treatment. He was referred for the procedure. He went and got the procedure. It is less important which other people he may have asked, okay, is this the right thing, who else he's talking to. The referral itself does not necessarily require finding the liability on the part of the VA. The negligence, if there's negligence, has to flow back to the VA. That's a proximate cause issue, the fault. Yes, Your Honor. If we were looking for 1151A1A negligence, that would have to flow back to the VA. 1151A1B, event not reasonably foreseeable, that does not need to flow back to the VA. We're just looking at the direct consequences. Of course it has to flow back to the VA, and the VA has to have some role in what happened. Well, Your Honor, that's the general cause element. Was this caused by medical treatment of the VA? Yes, in fact, it was. Dr. Rotman, as part of a 10-year span of medical care for atrial fibrillation, said go get this procedure done. That's exactly what the veteran did. Okay. Thank you, Mr. Schoenberg. Thank you. Thank both counsel. The case is submitted.